UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **James Ervin McGee, Jr.**, # 204267,          ) | C/A No. 8:05-1034-MBS-BHH |
| ) | |
| Petitioner,          ) | |
| ) | |
| vs.          ) | Report and Recommendation |
| ) | |
| **Timothy R. Irvin**, Officer for City of Greenville Police          ) | |
| Department; and          ) | |
| **Florence Demetrius Williams**, SCDC #261158,          ) | |
| ) | |
| Respondents.          ) | |

_____

A pleading captioned "Criminal Complaint" has been submitted to the Court by a state prison inmate, *pro se*.[1] Petitioner is incarcerated at the McCormick Correctional Institution. It appears from his pleading that he desires to press criminal charges against Respondents, a Greenville, South Carolina police officer and Petitioner's co-defendant in a 2001 robbery case, for "conspiracy to commit entrapment" and "kidnap by unlawful imprisonment." Petition, at 1. He claims that the charging documents used against him in the robbery case cited an incorrect South Carolina statute and were, therefore, invalid. Because he was convicted based on the allegedly improper charging documents, Petitioner concludes that he was kidnapped and entrapped through a conspiracy between the Respondents.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case. The review was conducted pursuant to the procedural

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Dockets.Justia.com

provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

The pleading filed in this case are subject to summary dismissal without service on Respondents because Petitioner does not have any constitutional right to, or, in fact, any judicially cognizable interest in, the prosecution or non-prosecution of another person. *See* Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); *see also* Diamond v. Charles, 476 U.S. 54, 64-65 (1986)(*applying* Linda R.S. v. Richard D. and collecting cases); Doyle v. Oklahoma State Bar Ass'n, 998 F.2d 1559, 1566-67 (10th Cir. 1993); Lane v. Correll, 434 F.2d 598, 600 (5th Cir. 1970).

Furthermore, to the extent that Petitioner's pleading seeks an order from this Court directing undisclosed employees or officers of the State of South Carolina to charge Respondent criminally, it may be construed as a Petition for Writ of Mandamus.

Circuit precedents teach that a writ of mandamus is a drastic remedy, and it is infrequently used by federal courts. Where it is used, its use is usually limited to cases where a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; Gurley v. Superior Ct. of Mecklenburg County, 411 F.2d 586, 587-88 & nn. 2-4 (4th Cir. 1969). A federal district court may issue a writ of mandamus only against an employee or official *of the United States*. A federal court cannot, generally, compel a state officer or official to perform a duty under its federal mandamus jurisdiction. *See* Moye v. Clerk, DeKalb County Sup. Court, 474 F.2d 1275, 1275-76 (5th Cir.1973) (federal courts do not have original jurisdiction over mandamus actions to compel an officer or employee *of a state* to perform a duty owed to the petitioner). *See* Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988). In Davis v. Lansing, the court ruled that "[t]he federal courts have no general power to compel action by state officials[.]" 851 F.2d at 74. Also, in Craigo v. Hey, 624 F. Supp. 414 (S.D. W.Va. 1985), the district court concluded that a petition for a writ of mandamus seeking to compel a state official to act was frivolous within the meaning of 28 U.S.C. § 1915, and, therefore, was subject to summary dismissal. *See* Craigo, 624 F. Supp. at 414; *see also* Van Sickle v. Holloway, 791 F.2d 1431, 1436 & n. 5 (10th Cir. 1986); Hatfield v. Bowen, 685 F. Supp. 478, 479 (W.D. Pa. 1988); Robinson v. Illinois, 752 F. Supp. 248, 248-49 & n. 1(N.D. Ill. 1990). In this case, to the extent that Petitioner's pleading is construed as a Petition for Mandamus, it seeks relief which this Court cannot grant. Thus, as in Craigo, it is subject to summary dismissal due to frivolity.

Finally, to the extent that Petitioner's pleading could be construed as a civil rights Complaint under 42 U.S.C. § 1983, it is clearly premature and barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). There is nothing in the pleading to indicate that the robbery conviction that Petitioner claims is invalid has been overturned or invalidated through direct appeal, PCR, habeas, or otherwise. *See* Heck, 512 U.S. at 486-87; *see also* Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(Heck generally applies where search and seizure issues are raised); Woods v. Candela, 47 F.3d 545 (2d Cir.1995)(plaintiff's conviction reversed by state court in 1993; hence, civil rights action timely filed); Treece v. Village of Naperville, 903 F. Supp. 1251 (N.D. Ill. 1995); Seaton v. Kato, 1995 WL 88956 (N.D. Ill., February 28, 1995); Smith v. Holtz, 879 F. Supp. 435 (M.D. Pa. 1995). In fact, it is judicially noticed that Petitioner has previously been informed in one of his previous civil cases in this Court of the Heck bar to civil actions based on allegedly unconstitutional actions taken in connection with the investigation and prosecution of criminal charges which have not been invalidated or overturned. *See* McGee v. Floyd, Civil Action No. 8:03-02172-MBS; *see also* Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)(a federal court may take judicial notice of the contents of its own records).

**RECOMMENDATION**

Accordingly, it is recommended that this case be dismissed *without prejudice* and without requiring Respondents to file a return. *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir.1970)(federal district courts have duty to screen habeas corpus petitions and eliminate burdens placed on respondents caused by ordering an unnecessary answer or return); Baker v. Marshall, 1995 WL 150451 (N.D. Cal. March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits

4

annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

Because the pleading filed in this case are clearly frivolous, whether construed as a Petition for Mandamus or as a civil rights Complaint, 28 U.S.C. § 1915A(b)(2) is applicable in this case. Several courts have held that a dismissal under Heck constitutes a "strike" under 28 U.S.C. § 1915(e)(2) and (g). *See* Luedtke v. Bertrand, 32 F.Supp.2d 1074 (E.D. Wis.1999); Sandles v. Randa, 945 F. Supp. 169 (E.D. Wis. 1996); *see also* Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998); Grant v. Sotelo, 1998 WL 740826 (N.D. Tex.1998). And, at least one court has held that a dismissal of a petition for mandamus due to frivolity constitutes a strike. *See* In re Jacobs, 213 F.3d 289 (5th Cir. 2000). **Hence, I also recommend that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).**

Petitioner's attention is directed to the important notice on the next page.

Respectfully submitted,

s/Bruce H. Hendricks
United States Magistrate Judge

April 14, 2005
Greenville, South Carolina

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation" & The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-71 (1976); Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D. Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *See* Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991); *see also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard,, the court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"; which involved a *pro se* litigant); Goney v. Clark, 749 F.2d 5, 7 n. 1 (3d Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins; Small v. Secretary of HHS, 892 F.2d 15, 16 (2d Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

6